UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:                                                  CASE NO. 07-50145
FIFE OIL COMPANY, INC.
    DEBTOR

JOHN W. LUSTER, CHAPTER 7
BANKRUPTCY TRUSTEE FOR
FIFE OIL COMPANY, INC.
    PLAINTIFF

VERSUS                                     ADVERSARY PROCEEDING NO.
KNIGHT OIL TOOLS, INC.;
NABORS DRILLING USA, LP;                   13AP-_____
MONCLA WELL SERVICE, INC.;
M&R MANAGEMENT CORPORATION;
SOUTHERN STEEL AND SUPPLY, L.L.C.;
INTRACOASTAL LIQUID MUD, INC.;
STRIC-LAN COMPANIES CORPORATION;
AND SUPERIOR ENERGY SERVICES, L.L.C.
    DEFENDANTS

<u>COMPLAINT TO DETERMINE VALIDITY, EXTENT AND PRIORITY OF LIENS</u>

Now into court, through counsel, comes John W. Luster, Chapter 7 Trustee for the bankruptcy estate of Fife Oil Company, Inc., who states:

1.

Plaintiff is the duly qualified bankruptcy trustee for Fife Oil Company, Inc.

2.

Defendants herein are:

1)     Knight Oil Tools, Inc., a Louisiana Corporation, who may be served through its Registered Agent, Dean Cole, 2727 SE Evangeline Thruway, Lafayette, LA 70508.

2)     Nabors Drilling USA, LP, a non-Louisiana Partnership, who may be served through its Registered Agent, C T Corporation System, 5615 Corporate Blvd, Ste 400B, Baton Rouge, LA 70808.

3)     Moncla Well Service, Inc., a Louisiana Corporation, who may be served through its Registered Agent, Kenneth P. Mayers, 216 St. Landry Street, Lafayette, LA 70506.

4) M&R Management Corporation, a Louisiana Corporation, who may be served through its Registered Agent and President, Jerome Langley, 208 Rue Dauphine, Eunice, LA 70535.

5) Southern Steel and Supply, L.L.C., a Louisiana Limited Liability Company, who may be served through its Registered Agent, John E. Manion, III, 600 Jefferson Street, Suite 1400, Lafayette, LA 70501.

6) Intracoastal Liquid Mud, Inc., a Louisiana Corporation, who may be served through its Registered Agent, Mike Calkins, 512 Highway 93 North, Scott, LA 70583.

7) Stric-Lan Companies Corporation, a Louisiana Corporation, who may be served through its Registered Agent, Karen L. Oertling, 308 Stutes Rd, Duson, LA 70529.

8) Superior Energy Service, L.L.C., a Louisiana Limited Liability Company, who may be served through its Registered Agent, William B. Masters, 601 Poydras Street, Ste 2400, New Orleans, LA 70130.

3.

Each defendant has filed a proof of claim in the bankruptcy case proceedings, submitting themselves to the jurisdiction of this Court.

4.

Jurisdiction is proper pursuant to 28 U.S.C. §157 and 11 U.S.C. §1334.

5.

Venue is proper as the bankruptcy was filed in the Western District of Louisiana, Lafayette Division.

6.

This is a core proceeding, dealing with the appropriate payment of claims alleging security.

BACKGROUND AND HISTORY

7.

Fife Oil Company, Inc. began a Chapter Eleven bankruptcy in 2007.

8.

The debtor was unable to achieve any reorganization.

9.

John W. Luster was appointed Chapter Eleven Trustee, and the business of the debtor was winded down, and the hard assets sold, and there were dry holes with liens. Two wells, the Stone #1 and Marlowe were never sold.

10.

Prior to conversion or the appointment of a trustee the debtor commenced litigation on breach of contracts with various parties.

11.

The debtor's oil and gas properties were sold by separate court orders dated July 19, 2007 (Doc #280), August 3, 2007 (Doc #299) and August 3, 2007 (Doc #300) for sums totalling $648,500.00.

12.

These sums were deposited into the estate's trust account.

13.

Additionally, revenues were received in the ordinary course of the debtor's business, and deposited into the estate's trust account.

14.

Finally, numerous lawsuits were filed, and upon settlement, the proceeds were deposited into the estate's trust account, also.

15.

Interest was paid on these funds.

16.

All administrative expense claims were paid from these combined funds.

17.

All priority claims were paid from these combined funds.

18.

All attorney's fees of special counsel associated with collection of the joint billing interest litigation were paid from the co-mingled funds.

19.

At least one potential secured creditor has raised the position that by virtue of its lien on one or both wells, that creditor is entitled to proceeds of the litigation.

20.

Similar creditors named herein may have similar positions.

21.

The trustee takes the position that once the litigation was reduced to cash, it became cash collateral.

22.

The trustee further takes the position that once the cash collateral is co-mingled with non-cash collateral and expenses are paid from the combined funds, the funds from the litigation lose their collateral status through co-mingling.

23.

Further, even if identifiable, it is inequitable that attorney's fees paid for the prosecution of the joint-interest billing litigation be paid from funds not derived from the joint-interest billing litigation.

24.

Further, as the joint-interest billing litigation settled claims based on both the Stone and Marlowe wells, it is impossible to determine how much of each settlement is attributable to either the Stone well, or the Marlowe well at this time.

25.

Therefore, creditors with a lien on only one well cannot identify that portion of the fund which is attributable to that well alone.

26.

For these reasons, the trustee requests that proceeds of the joint-interest billing litigation referenced, be deemed to not attach to the secured claims filed by the defendant creditors, or in the alternative, for the Court to determine the portion of the fund that is attributable to each claim, as the trustee can not do so.

WHEREFORE, plaintiff/trustee prays for a judgment in consonance with these pleadings.

BY: /s/ John W. Luster
JOHN W. LUSTER (#9184)
Attorney at Law
P. O. Box 488
1120 Williams Avenue
Natchitoches, LA 71458-0488
Telephone: (318) 352-3602
Facsimile: (318) 352-3608
Email: luster_j@bellsouth.net
Attorney for Trustee

**FORM 104 (10/06)**

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>John W. Luster, Trustee | **DEFENDANTS**<br>Knight Oil Tools, Inc.; Nabors Drilling USA, LP; Moncla Well Service, Inc.; M&R Management Corporation; Southern Steel and Supply, L.L.C.; Intracostal Liquid Mud, Inc.; Stric-Lan Companies Corporation; and Superior Energy Services, L.L.C. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>John W. Luster, Attorney at Law<br>POB 488, 1120 Williams Avenue<br>Natchitoches, LA 71458-0488 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine Validity, Extent and Priority of Liens

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint  Demand $

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>FIFE OIL COMPANY, INC. ||| BANKRUPTCY CASE NO.<br>07-50145 |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Louisiana | DIVISIONAL OFFICE<br>Lafayette || NAME OF JUDGE<br>Robert Summerhays |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/John W. Luster ||||
| DATE<br>02/05/2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John W. Luster |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.